IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID LETTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13 C 7179 |
| ) | |
| MICHIGAN LADDER COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

David Letten has sued ladder manufacturer Michigan Ladder Company, alleging that it manufactured a defective wooden ladder that fractured while Letten was using it, causing him to fall and sustain injuries. He asserts claims of negligence and strict liability. Michigan Ladder moves for summary judgment on both claims, arguing that Letten failed to submit evidence showing that a defect in its product was the proximate cause of his injury. The Court denies Michigan Ladder's motion for the reasons stated below.

## Background

David Letten was an employee of the Chicago Transit Authority. On or about September 30, 2012, he was working atop a wooden ladder manufactured by Michigan Ladder when, he says, the ladder's side rails fractured, causing him to fall and sustain injuries. Letten says that the ladder was relatively new and was used only minimally prior to its failure. He contends that the ladder was defective and that it broke from

ordinary use. Michigan Ladder contends that its ladder was properly manufactured and that it broke because of an impact, likely Letten as he was falling for reasons unrelated to any defect in the ladder.

Both parties have offered expert witnesses on the question of liability. The experts' reports reveal a dispute regarding the cause of the ladder fracture. Letten's experts testified that the ladder contained impermissible slopes in the wood grain and streaks of resin, both of which compromised the strength of the wood. This weakening of the wood, Letten's experts say, made the ladder unreasonably dangerous and defective. Michigan Ladder disputes Letten's contentions, arguing that the ladder may not have been used correctly on the day in question and that the ladder's fracture could not have occurred from ordinary use. Michigan Ladder's experts testified that the form of the fracture was an impact fracture, likely the result of Letten falling on the second rung. For his part, Letten denies falling and striking the second rung. No witnesses testified to seeing the actual accident.

Michigan Ladder has moved for summary judgment. It argues that Letten has not submitted evidence showing that the ladder was defective or that any defect actually caused the fractures or Letten's fall. In particular, Michigan Ladder takes issue with the sufficiency of Letten's experts' testimony.

**Discussion**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the court draws all reasonable inferences from it in the light most favorable to the non-movant. *See Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

Letten's negligence and strict liability claims are state law claims governed by Illinois law. *Malen v. MTD Prods., Inc.*, 628 F.3d 296, 303 (7th Cir. 2010). To prevail on a strict liability claim in Illinois, a plaintiff must prove that his injury resulted from a condition of the product which is attributable to the defendant and made the product unreasonably dangerous. *Id.* To prevail on a negligence claim in Illinois, a plaintiff must prove that the construction or design of the product breached a duty of care and was the proximate cause of his injury. *Id.* In short, proximate cause of the plaintiff's injury is an element of both types of claims.

Michigan Ladder argues that Letten cannot sustain the proximate cause element for either claim. Proximate cause may be determined by a court as a matter of law in a case "where the facts alleged do not sufficiently demonstrate both cause in fact and legal cause," but typically proximate cause is a question of fact. *City of Chicago v. Beretta USA Corp.*, 213 Ill. 2d 351, 395-96, 821 N.E.2d 1099, 1127-28 (2004). "In the normal course, the issue of causation is one for the jury . . . where there is sufficient evidence to allow a jury to reach a factual conclusion without engaging in undue speculation." *Shepard v. State Auto. Mut. Ins. Co.*, 463 F.3d 742, 748 (7th Cir. 2006). Thus the Court must determine whether the evidence Letten has offered would allow a reasonable jury to find proximate cause.

Michigan Ladder acknowledges that Letten's experts have identified a manufacturing defect, but it argues that "none of plaintiff's experts link such (alleged)

defect to the accident." Def.'s Reply at 3. As a result, Michigan Ladder argues that Letten has not submitted evidence that would permit a reasonable jury to find proximate cause.

The Court respectfully disagrees. First of all, it is undisputed that the ladder fractured. Letten's expert Jon Ver Halen has opined that this happened because of weaknesses caused by the quality of the wood used in manufacturing the ladder. Ver Halen further states that there is no evidence of any external factor that could have caused the failure of the ladder or that the ladder was misused. He specifically concludes that the ladder "failed in ordinary use." Def.'s Ex. E at 4. Another expert offered by Letten, Matthew Anderson, has similarly opined that the ladder "likely failed during normal use," and he disputes the opinions of Michigan Ladder's experts that the fracture occurred due to a sudden impact. Def.'s Ex. J at 5, 8. Anderson also has opined, like Ver Halen, that there is no evidence of any other external factor that could have caused the ladder to fail.

In seeking summary judgment, Michigan Ladder relies on, among other cases, *Thornton v. M7 Aerospace LP*, 796 F.3d 757 (7th Cir. 2015). In *Thornton*, the Court upheld a grant summary judgment on the basis that the plaintiff could not establish proximate cause. *Id.* at 771. But as Letten correctly sets out in his response to Michigan Ladder's motion, the court in *Thornton* based its decision on the plaintiff's failure to submit any admissible evidence to support his claim. *Id.* The Court repeatedly characterized its ruling as dependent on the total lack of admissible evidence and the plaintiff's noncompliance with Local Rule 56.1. *See id.* at 770-71 ("[The District Court] relied on the fact that no evidence was properly before it that would warrant an

4

inference of causation (since the plaintiffs had not complied with Rule 56.1)."). In explaining how no reasonable jury could infer that the allegedly defective product in *Thornton* contributed to the fatal plane crash at issue, the court listed the evidentiary holes in the plaintiff's case: there were no surviving witnesses, there was no cockpit voice recording, and there was no indication that the pilots were even using the product in question when the plane crashed. *Id.* at 771. And even if the pilots were using the product during the crash, the plaintiff did not submit evidence to the effect that the product caused the pilots to lose situational awareness. *Id.* The absence of evidence in *Thornton* would have required a jury to speculate regarding the cause of the crash. *Id.*

This case is nothing like *Thornton*. Letten has offered evidence regarding the characteristics of the ladder, how it was used on the worksite (specifically, that it was used normally and not misused), and the fact and nature of the fractures. He has offered expert testimony concerning the ladder's defects as well as the fact that the defects made the ladder unsafe for normal use. Letten has offered evidence, from lay and expert witnesses, that would permit a reasonable jury to infer that there was no external factor that could have caused the fractures. A reasonable jury could infer from this and the other evidence in the record that Letten's fall was proximately caused by defects in the manufacturing of the ladder. Though Letten's experts did not use the phrase "proximate cause," a reasonable jury could infer this from the opinions of Letten's experts and the other evidence in the case. For this reason, entry of summary judgment is not appropriate.

## Conclusion

For the foregoing reasons, the Court denies defendant's motion for summary

judgment [dkt. no. 55]. The case remains set for trial on March 28, 2016 at previously ordered. A status hearing is set for January 26, 2016 at 9:00 a.m. to discuss the possibility of settlement. The status hearing will be held in chambers (Room 2188).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 15, 2016